1  J. DAVID HADDEN (CA BAR NO. 176148)
   dhadden@fenwick.com
2  RYAN J. MARTON (CA BAR NO. 223979)
   rmarton@fenwick.com
3  PHILLIP J. HAACK (CA BAR NO. 262060)
   phaack@fenwick.com
4  FENWICK & WEST LLP
   Silicon Valley Center
5  801 California Street
   Mountain View, CA  94041
6  Telephone:     650.988.8500
   Facsimile:      650.938.5200
7
   Attorneys for Plaintiff,
8  DELPHIX CORP.

9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DELPHIX CORP.,<br><br>         Plaintiff,<br><br>     v.<br><br>ACTIFIO, INC.,<br><br>         Defendant. | Case No.: _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Delphix Corp. ("Delphix") for its Complaint against defendant Actifio, Inc. ("Actifio"):

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement.

## PARTIES

2.      Delphix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025.  Delphix is a leading provider of software platforms for creating virtual storage and infrastructure for complex database systems.

COMPLAINT FOR PATENT
INFRINGEMENT

3. On information and belief, defendant Actifio, Inc., ("Actifio") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451. Actifio makes and sells storage virtualization and data management systems and services under the name, *inter alia*, the Copy Data Storage Platform.

4. Upon information and belief, Actifio develops, manufactures, imports, offers for sale and sells certain products, including the Copy Data Storage Platform, the Actifio Protection and Availability Storage software product and their predecessor versions ("Actifio Storage Products"), to customers in the United States, including in the Northern District of California.

5. On information and belief, Actifio transacts business related to the Actifio Storage Products throughout the United States, including sales of the Actifio Storage Products within the boundaries of this district, including sales of the Actifio Storage Products to the Palo Alto Unified School District.

6. On information and belief, Actifio conducts sales efforts in the Northern District of California, including meeting with customers and potential customers in the district.

7. As described below, during the period in which he sat on the Delphix Board, Actifio's founder and CEO, Mr. Ash Ashutosh, personally attended meetings of the Delphix Board of Directors in this district.

**JURISDICTION**

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Actifio because it has committed and continues to commit acts of direct and indirect patent infringement in this district as alleged in this Complaint.

**VENUE**

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

COMPLAINT FOR PATENT
INFRINGEMENT  2

**INTRADISTRICT ASSIGNMENT**

11. Pursuant to Civil L.R. 3-2(c), divisional assignment is unnecessary because this case is an intellectual property action.

**FACTUAL BACKGROUND**

12. Delphix is the current assignee, and the sole and exclusive owner of all right, title and interest in United States Patent No. 8,150,808 ("the '808 patent"), entitled "Virtual Database System." The '808 patent was duly and legally issued by the United States Patent and Trademark Office ("PTO") on April 3, 2012. The '808 patent was published on April 21, 2011 as U.S. Patent Pub. 2011/0093435 containing several claims identical to the issued patent. The named inventors of the '808 patent are Charles Li Zha and Jedidiah Yueh. A copy of the '808 patent is attached hereto as Exhibit A.

13. Delphix is the current assignee, and the sole and exclusive owner of all right, title and interest in U.S. Patent No. 8,161,077 ("the '077 patent"), entitled "Datacenter Workflow Automation Scenarios Using Virtual Databases." The '077 patent was duly and legally issued by the PTO on April 17, 2012. The '077 patent was published on April 21, 2011 as U.S. Patent Pub. 2011/0093436 containing several claims identical to the issued patent. The named inventors of the '077 patent are Charles Li Zha, Jedidiah Yueh and Alok Kumar Srivastava. A copy of the '077 patent is attached hereto as Exhibit B.

14. Delphix is the current assignee, and the sole and exclusive owner of all right, title and interest in U.S. Patent No. 8,548,944 ("the '944 patent") (collectively, with the '808 patent and the '077 patent, "the patents-in-suit"), entitled "De-Duplication Based Backup of File Systems." The '944 patent was duly and legally issued by the PTO on October 1, 2013. The '944 patent was published on January 19, 2012 as U.S. Patent Pub. 2012/0016839. The named inventor of the '944 patent is Jedidiah Yueh. A copy of the '944 patent is attached hereto as Exhibit C.

15. The inventions of the '808 and '077 patents are directed to technology for creating a virtual database infrastructure and using this infrastructure in various database workflow

COMPLAINT FOR PATENT
INFRINGEMENT 3

scenarios, such as testing and development, backup and recovery, and building data warehouses. The patented inventions reduce the cost and complexity of these applications.

16. The invention of the '944 patent is directed to an efficient method for backing up file systems using time-based snapshots and a "virtual" file system.

17. Mr. Ashutosh served as a venture capitalist board member on the Board of Delphix. As a member of Delphix's Board, Mr. Ashutosh received confidential information of Delphix including information from sales meetings, general marketing meetings, and information describing patented technology as it was being developed.

18. At a board meeting in January of 2009, Mr. Ashutosh asked for a map of Delphix's intellectual property strategy.

19. Shortly before a March 2009 board meeting, Mr. Ashutosh asked Mr. Jedidiah Yueh, CEO of Delphix and co-inventor on the patents-in-suit, about the status of non-disclosure agreements and IP-protection agreements for Delphix advisors and asked that the meeting cover, in detail, tangible milestones in the Delphix engineering organization.

20. While serving on the Board of Directors of Delphix, Mr. Ashutosh was trying to secure investments for the project, which would eventually become Actifio. While serving on the Board of Directors of Delphix, Mr. Ashutosh founded Actifio. Mr. Ashutosh is currently the CEO of Actifio and sits on Actifio's Board of Directors.

21. In July 2009, Mr. Ashutosh agreed to resign from his position as a Director of Delphix. Mr. Yueh expressed concerns to Mr. Ashutosh that he was abusing his role as a fiduciary to Delphix and funneling confidential information from Delphix to Actifio for the purpose of building Actifio's competing technology.

22. In early February 2012, Mr. Yueh discovered that Actifio was marketing products using Delphix technology.

23. On February 7, 2012, Mr. Yueh called Mr. Ashutosh to inform him that Actifio was infringing on technologies developed by Delphix, embodied in the patents-in-suit as described by their published applications, and that a suit could potentially be brought against Actifio.

24. Actifio has ridden on the coattails of Delphix's significant investments in research and development by infringing the patents-in-suit, all to Delphix's detriment.

**FIRST CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,150,808)**

25. Plaintiff Delphix incorporates by reference paragraphs 1 through 24 above as if fully set forth herein.

26. Plaintiff Delphix has provided actual notice of the '808 patent by virtue of the conversation between Mr. Yueh and Mr. Ashutosh, Actifio's CEO and a member of Actifio's Board of Directors.

27. Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '808 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

28. Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '808 patent. Actifio had knowledge of the '808 patent and induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention. Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

29. Actifio has been, is currently, and will continue to contribute to the infringement of the '808 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '808 patent. The Actifio Storage Products are especially made or adapted for use with customer database installations that infringe the '808 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use. Upon information and belief, Actifio knew that the combination for which the Actifio Storage Products were especially made infringed the '808 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

30. Actifio's acts of direct and indirect infringement are willful because Actifio knew of the '808 patent and that its use and sale of the Actifio Storage Products would directly and

indirectly infringe the '808 patent, and acted despite an objectively high likelihood that such activities would infringe the patent.

31.     As a direct and proximate consequence of Actifio's willful infringement of the '808 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief. Delphix seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,161,077)**

32.     Plaintiff Delphix incorporates by reference paragraphs 1 through 24 above as if fully set forth herein.

33.     Plaintiff Delphix has provided actual notice of the '077 patent by virtue of the conversation between Mr. Yueh and Mr. Ashutosh, Actifio's CEO and a member of Actifio's Board of Directors.

34.     Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '077 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

35.     Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '077 patent. Actifio had knowledge of the '077 patent and induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention. Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

36.     Actifio has been, is currently, and will continue to contribute to the infringement of the '077 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '077 patent. The Actifio Storage Products are especially made or adapted for use with customer database installations which infringe the '077 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use. Upon information and belief, Actifio knew that the

COMPLAINT FOR PATENT
INFRINGEMENT                     6

combination for which the Actifio Storage Products were especially made infringed the '077 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

37. Actifio's acts of direct and indirect infringement are willful because Actifio knew of the '077 patent and that its use and sale of the Actifio Storage Products would directly and indirectly infringe the '077 patent, and acted despite an objectively high likelihood that such activities would infringe the patent.

38. As a direct and proximate consequence of Actifio's willful infringement of the '077 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief. Delphix seeks damages and treble damages, as well as preliminary and permanent injunctive relief against further infringement.

## THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 8,548,944)

39. Plaintiff Delphix incorporates by reference paragraphs 1 through 24 above as if fully set forth herein.

40. Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '944 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

41. As a direct and proximate consequence of Actifio's infringement of the '944 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief. Delphix seeks damages as well as preliminary and permanent injunctive relief against further infringement.

## DEMAND FOR JURY TRIAL

Delphix demands trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Delphix demands the following relief against defendant Actifio:

a) entry of a judgment declaring that Actifio has infringed one or more claims of the '808 patent;

b) a preliminary and permanent injunction against the continuing infringement of the '808 patent;

c) entry of a judgment declaring that Actifio has infringed one or more claims of the '077 patent;

d) a preliminary and permanent injunction against the continuing infringement of the '077 patent;

e) entry of a judgment declaring that Actifio has infringed one or more claims of the '944 patent;

f) a preliminary and permanent injunction against the continuing infringement of the '944 patent;

g) damages to compensate Delphix for Actifio's infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Actifio's willful infringement;

h) an award of pre-judgment and post-judgment interest and costs to Delphix;

i) an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

j) such other and further relief as the Court may deem just and fair.

Dated: October 4, 2013                FENWICK & WEST LLP

                                      By: /s/ *J. David Hadden*
                                          J. DAVID HADDEN

                                      Attorneys for Plaintiff
                                      DELPHIX CORP.

COMPLAINT FOR PATENT
INFRINGEMENT                          8