IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DELPHIX CORP.,

        Plaintiff,

   v.

ACTIFO, INC.,

        Defendant.
_____/

Case No. C 13-4613 RS

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND**

In this patent infringement action, defendant Actifo, Inc. seeks dismissal of those portions of the Second Amended Complaint in which plaintiff Delphix Corp. advances claims for willful infringement and indirect infringement. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for March 20, 2014 is vacated.

The crux of the present dispute is whether Delphix has pleaded sufficient facts to show Actifo had pre-suit knowledge of the patents.[1]  Delphix insists it has set out facts establishing either

---

[1] As Actifo acknowledges, decisions from this district would permit the indirect infringement claims to go forward even in the absence of a showing of pre-suit knowledge. *See Bascom Research LLC v. Facebook, Inc*., No. C 12-6293 SI, 2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013) ("[C]ourts in the Northern District of California have held that knowledge of the patent based on the filing of a complaint is sufficient to meet the knowledge requirement for an induced infringement claim.")

1 that Actifo had actual prior knowledge of the patents-in-suit or that Actifo was willfully blind. It
2 relies on (1) averments that Actifo's founder and CEO, Ash Ashutosh, was previously a Delphix
3 board member, who took an interest in its patent portfolio, (2) claims that Actifo representatives
4 attended trade shows where marked Delphix products were displayed, and (3) assertions that Actifo
5 representatives made comparisons to its customers between its products and those of Delphix.

6        Actifo responds that Ashutosh resigned from Delphix before the applications underlying the
7 patents-in-suit had even been filed, and that the allegations are otherwise conclusory and/or
8 implausible. Actifo points to the decision in *Vasudevan Software, Inc. v. TIBCO Software Inc*., No.
9 C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012), in which conclusory averments of
10 actual knowledge or willful blindness were found to be insufficient.

11        To distinguish *Vasudevan*, and similar cases, Delphix relies primarily on its allegation that
12 Ashutosh "has continued to track the development of Delphix's patent portfolio" subsequent to his
13 resignation from the board.[2] The shortcoming in Delphix's position is that it has chosen to cabin
14 that particular allegation as being made "on information and belief." Despite the common
15 appearance of that phrase in practice, it is not a recognized pleading device under the rules.
16 Rather, Rule 11(b) of the Federal Rules of Civil Procedure provides that by submitting a pleading to
17 the court, the signatory is *always* certifying that, "to the best of the person's knowledge,
18 information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual
19 contentions have evidentiary support or, if specifically so identified, will likely have evidentiary
20 support after a reasonable opportunity for further investigation or discovery."

21        Thus, the phrase "on information and belief" at best would constitute surplusage. Where, as
22 here, some of the allegations are qualified with the phrase and others are not, a reasonable inference
23 arises that it is intended as caveat, to provide additional protection should plaintiff be unable to

---

While Actifo urges the court to reconsider the issue in light of decisions from other districts, the issue will not arise unless Delphix is unable to plead pre-suit knowledge.

[2] Although Delphix offers other allegations to buttress its contention that pre-suit knowledge can reasonably be inferred, it does not suggest those averments would be sufficient in the absence of the claim that Ashutosh tracked Delphix patents.

2

prove any of the factual allegations.³  It thus creates a further inference that plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree.  As such, even though the phrase is technically surplusage that could simply be disregarded in an appropriate case, here it undermines Delphix's argument that the facts it has pleaded are sufficient to support a plausible inference of pre-suit knowledge. *Compare also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009) ("Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based.")

Because Delphix is relying so heavily on its assertions regarding Ashutosh to support a plausible inference of either actual knowledge or willful blindness, it must be willing to make those averments without caveat and/or with additional detail explaining the basis of its beliefs. Delphix, of course, remains free to invoke the provision of Rule 11 that permits a party specifically to identify averments as ones which it in good faith believes, "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  The Second Amended Complaint, however, does not do so.

Accordingly, the motion to dismiss is granted, with leave to amend.⁴  Any amended complaint shall be filed within 20 days of the date of this order.

---

³ Using the phrase provides no such protection as it cannot lessen the requirements of reasonable pre-suit investigation under the rules

⁴ Actifo urges denial of leave to amend, pointing out that there have already been three versions of the complaint.  Because the adequacy of the allegations was not previously adjudicated, however, and because Delphix had not previously been advised as to the consequences of its attempt to plead "on information and belief," one further chance to amend is warranted.

1  IT IS SO ORDERED.

2

3  Dated: 3/19/14

4  _____
5  RICHARD SEEBORG
   UNITED STATES DISTRICT JUDGE