UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DELPHIX CORP.,<br><br>        Plaintiff,<br><br>    v.<br><br>ACTIFIO, INC.,<br><br>        Defendant. | Case No. 13-cv-04613-BLF<br><br>**ORDER GRANTING IN PART, DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 73] |

Before the Court is plaintiff Delphix Corp.'s administrative motion to file under seal portions of its Motion for Leave to File Fourth Amended Complaint, portions of its proposed Fourth Amended Complaint, and Exhibits F-I filed in support thereof.[1] (Admin. Mot., ECF 73) Specifically, Exhibits F, H, and I contain Plaintiff's confidential information, and Plaintiff has supplied a declaration in support of sealing in accordance with Civil Local Rule 79-5(d). (Kolibachuk Decl., ECF 73-1) Exhibit G contains defendant Actifio's confidential information, and Defendant has not supplied the supporting declaration required by Civil Local Rule 79-5(e). For the reasons stated herein, Plaintiff's request is GRANTED IN PART and DENIED IN PART.

### I. LEGAL STANDARD

There is a "strong presumption in favor of access" to public records and documents, including judicial ones. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party seeking to seal a judicial record relating to the merits of the case bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual

---

[1] The exhibits sought to be sealed are both referenced in Plaintiff's motion for leave to amend and intended to be attached to Plaintiff's proposed Fourth Amended Complaint and incorporated by reference therein.

findings that outweigh the general history of access and the public policies favoring disclosure."[2] *Id.* This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II.   ANALYSIS

### A.   Exhibits F, H, and I

Plaintiff seeks to file under seal Exhibits F, H, and I to its Motion for Leave to File Fourth Amended Complaint and proposed Fourth Amended Complaint. Exhibit F is an employment agreement that "pertains to the terms of employment of employees at Delphix." (Kolibachuk Decl, ¶ 4) Exhibits H and I contain "highly sensitive information regarding Delphix's product architecture and development." (*Id.*) Plaintiff contends that disclosing any of this information publicly "could cause harm to Delphix if the information were to become known to a competitor." (Admin. Mot. 1) The Court finds that Plaintiff has articulated sufficiently compelling reasons for

---

[2] The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents. *Id.* 1179-80. As explained in *Kamakana*, the public has less need to access materials attached to non-dispositive motions because they are often "unrelated, or only tangentially related, to the underlying cause of action." *Id.* (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The same cannot be said for documents—such as pleadings—that are "at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* at 1179 (quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *see also In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) (applying "compelling reasons" standard in evaluating request to seal complaint).

sealing, and Plaintiff's motion is GRANTED as to Exhibits F, H, and I.

### B.   Exhibit G

Plaintiff's administrative motion indicates that Exhibit G was designated confidential or highly confidential by Defendant, and that Plaintiff served on Defendant a declaration identifying the documents and portions of Plaintiff's motion that contain Defendant's confidential information. Pursuant to Civil Local Rule 79-5(e), Defendant was required to file a declaration in support of sealing within 4 days of the filing of the administrative motion to file under seal. Civ. L.R. 79-5(e). As Defendant has not filed the required supporting declaration, Plaintiff's sealing request is DENIED as to Exhibit G and the portions of Plaintiff's motion and proposed pleading corresponding thereto.

### C.   Proposed Redactions

Plaintiff has proposed redactions to portions of its Motion for Leave to File Fourth Amended Complaint and proposed Fourth Amended Complaint. It is not clear whether these redactions correspond to the exhibits sought to be filed under seal and, if so, which redactions correspond to which exhibits. Moreover, these redactions are not narrowly tailored, as required by the local rules. For example, Plaintiff proposes to redact portions of its brief describing conduct related to Defendant's alleged misappropriation of Plaintiff's trade secret. (*See* Pl.'s Mot. 2:26-3:12) Although this section refers to Exhibits H and I, which this Court has determined to be sealable, the description of Defendant's *conduct* does not appear to disclose any specific details about Plaintiff's highly sensitive product and development information. Additionally, to the extent certain portions were redacted because they contained information designated confidential by Defendant, those portions should be unsealed because Defendant has not articulated compelling reasons in support of sealing. As such, Plaintiff's request to seal portions of its motion and proposed pleading is DENIED without prejudice.

### III.   ORDER

For the foregoing reasons, Plaintiff's Administrative Motion to File Under Seal is GRANTED IN PART and DENIED IN PART.

1. Plaintiff's motion is GRANTED as to Exhibits F, H, and I. Those exhibits shall remain

3

under seal.

2. Plaintiff's motion is DENIED as to Exhibit G. Plaintiff shall file the exhibit into the public record no earlier than 4 days, and no later than 10 days, after the date of this order. Civ. L.R. 79-5(e)(2).

3. Within **ten (10) days** of the date of this order, Plaintiff shall propose narrowly tailored redactions to portions of its Motion for Leave to File Fourth Amended Complaint and proposed Fourth Amended Complaint. Plaintiff's filing shall include a proposed order that lists in table format each document or portion thereof that is sought to be sealed. Civ. L.R. 79-5(d)(1)(B).

**IT IS SO ORDERED.**

Dated: August 20, 2014

_____
BETH LABSON FREEMAN
United States District Judge

4