UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DELPHIX CORP., <br>     Plaintiff, <br> v. <br> ACTIFIO, INC., <br>     Defendant. | Case No. 13-cv-04613-BLF <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** <br><br> [Re: ECF 73, 81] |

    Before the Court is plaintiff Delphix Corp.'s Motion for Leave to File Fourth Amended Complaint, filed on August 6, 2014. Pl.'s Mot., ECF 73, 81-1.[1] Having considered the parties' respective written submissions, the Court finds this motion appropriate for submission without oral argument and accordingly VACATES the motion hearing set for October 2, 2014. Civ. L.R. 7-1(b). For the reasons stated herein, Delphix's Motion for Leave is GRANTED.

    Delphix seeks to add a claim for trade secret misappropriation by defendant Actifio, Inc. and Actifio's founder, Mr. Ashutosh, based on evidence recently unearthed through discovery. Specifically, Delphix alleges that Mr. Ashutosh sat on Delphix's Board of Directors from June 2008 to July 2009, during which time he founded Actifio on April 14, 2009. Proposed Fourth Amended Compl. ("P4AC") ¶¶ 25, 28, ECF 81-2. In May 2009, Mr. Ashutosh informed Delphix's CEO, Jedidiah Yueh, that he was resigning from his position at Delphix to start a new project that "would be non-competitive." *Id.* ¶ 29. In June 2009, Mr. Yueh expressed concerns about Mr. Ashutosh's new company in response to which Mr. Ashutosh "assured Mr. Yueh that his new company was non-competitive and that he would keep all of Delphix's information

---

[1] All references to Plaintiff's motion and proposed amended pleading are made in reference to the publicly filed unredacted versions at ECF 81.

confidential." *Id.* ¶ 30. Based on discovery that Delphix obtained in July of 2014, Delphix alleges that Mr. Ashutosh obtained Delphix's confidential trade secret information regarding, *inter alia*, product development, architecture, and test results while he was still a Director at Delphix and then forwarded that information to individuals at Actifio in October 2009—3 months after he left the Delphix Board. Pl.'s Mot. 2-3; P4AC ¶¶ 31, 34. In February 2012, Delphix discovered Actifio's alleged infringement of Delphix patents and later filed the instant action on October 14, 2013 asserting claims for patent infringement. P4AC ¶ 32. Delphix now seeks to add a trade secret misappropriation claim based on Mr. Ashutosh's dissemination and Actifio's use of Delphix's trade secrets.

Federal Rule of Civil Procedure 15(a) advises courts that they "should freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Generally, leave to amend is only denied if the court finds that there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Delphix argues—and Actifio does not dispute—that there is no bad faith or undue delay because Delphix promptly sought leave to amend after discovering the basis for its claim among documents produced in July of 2014.[2] Pl.'s Mot. 6-7. Nor, at this early stage in the case, does Actifio contend that amendment would cause undue prejudice. Rather, Actifio opposes Delphix's proposed amendment on the ground that it would be futile because Delphix's trade secret misappropriation claim is time-barred. Def.'s Opp. 4-6, ECF 76.

---

[2] Delphix had thrice amended the complaint in connection with its willful and indirect infringement claims against Actifio. This is the first time that Delphix has sought to introduce a claim for trade secret misappropriation. Pl.'s Mot. 7.

2

1   Actifio contends that under *Nogart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999) and
2   California Civil Code § 3426.6, the applicable three year statute of limitations on Delphix's trade
3   secret misappropriation claim began to run in June or July of 2009, when Delphix suspected Mr.
4   Ashutosh of "funneling confidential information from Delphix to Actifio" and expressed that
5   concern to Mr. Ashutosh. Def.'s Opp. 5 (quoting P4AC ¶ 23). At the very least, Actifio argues
6   that Delphix's suspicion of Mr. Ashutosh triggered a duty to investigate further misappropriation
7   and that Delphix could not wait to discover the alleged misappropriation until after filing its patent
8   infringement lawsuit. *Id.* at 5-6. As such, Delphix's claim, raised for the first time five years
9   later, is untimely and barred by the statute.

10   Delphix counters that its vague concerns in June and July of 2009 were not sufficient to
11   trigger the statute of limitations and that it permissibly relied on Mr. Ashutosh's assurances to Mr.
12   Yueh in June 2009 that he would treat Delphix's information in confidence. Pl.'s Reply 3-5, ECF
13   82. Moreover, even if the statute of limitations was triggered in June 2009, Delphix argues that
14   Mr. Ashutosh's assurances amounted to fraudulent concealment of the alleged misappropriation,
15   thereby tolling the statute. *Id.* at 5.

16   As pled, the Court does not find Delphix's proposed trade secret misappropriation claim to
17   be so clearly time-barred that the assertions in the complaint, "read with the required liberality,
18   would not permit [Delphix] to prove that the statute was tolled" or inapplicable. *Jablon v. Dean*
19   *Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). As Delphix has already demonstrated, the
20   alleged assurances that Mr. Ashutosh made to Mr. Yueh in June 2009 potentially obviated
21   Delphix's duty (if any) to investigate further misappropriation, rendering the statute of limitations
22   inapplicable. Similarly, it is plausible that Mr. Ashutosh's assurances constituted fraudulent
23   concealment permitting a tolling of the statute of limitations. *See Raytheon Co. v. Indigo Sys.*
24   *Corp.*, 688 F.3d 1311, 1318-19 (Fed. Cir. 2012). Moreover, there is no claim for trade secret
25   misappropriation until the trade secret has been disclosed or used, and that allegedly did not occur
26   until Mr. Ashutosh left Delphix and circulated its confidential information in October 2009. Cal.
27   Civ. Code § 3426.1(b). Under those circumstances, it is not clear how Delphix could have
28   discovered or investigated the misappropriation without the benefit of either an Actifio product

incorporating the trade secret or discovery of Actifio's internal communications.

It will ultimately be up to the factfinder to decide when Delphix should have suspected Actifio of trade secret misappropriation. *Raytheon*, 688 F.3d at 1318-19. At the pleading stage, it is sufficient for this Court that Delphix has alleged a set of facts that, if true, plausibly indicates that its trade secret misappropriation claim is not time-barred. Delphix's proposed amendment is therefore not futile.

IT IS HEREBY ORDERED THAT Delphix's Motion for Leave to File Fourth Amended Complaint is GRANTED. Within **fourteen (14) days** of the date of this order, Delphix shall file an amended consolidated complaint that combines its Fourth Amended Complaint as well as the currently operative Complaint for Declaratory Judgment.[3] To the extent any accompanying exhibits were previously ordered sealed by the Court, they may be filed under seal again in accordance with the Court's prior order. *See* ECF 83.

Actifio's answer shall also be in the form of a consolidated pleading.

**IT IS SO ORDERED.**

Dated: September 24, 2014

BETH LABSON FREEMAN
United States District Judge

---

[3] The Court is aware that Delphix has also moved to supplement or amend its Complaint for Declaratory Judgment. ECF 79. To the extent that motion is granted, the Court will direct Delphix to amend the consolidated complaint, which, once filed, will be the operative pleading.