1    J. DAVID HADDEN (CSB NO. 176148)
     dhadden@fenwick.com
2    SAINA S. SHAMILOV  (CSB NO. 215636)
     sshamilov@fenwick.com
3    RYAN J. MARTON (CSB NO. 223979)
     rmarton@fenwick.com
4    EMAN SOJOODI-HAGHIGHI (CSB NO. 261293)
     esojoodi@fenwick.com
5    PHILLIP J. HAACK (CSB NO. 262060)
     phaack@fenwick.com
6    FENWICK & WEST LLP
     Silicon Valley Center
7    801 California Street
     Mountain View, CA  94041
8    Telephone:     650.988.8500
     Facsimile:     650.938.5200
9
     Attorneys for Plaintiff,
10   DELPHIX CORP.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

11

12

13

14                        UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16                             SAN JOSE DIVISION

17

18   DELPHIX CORP.,                      Case No.: 5:13-cv-04613-BLF

19                  Plaintiff,           **CONSOLIDATED COMPLAINT FOR
                                         PATENT INFRINGEMENT, MISAP-
20          v.                           PROPRIATION OF TRADE SECRETS
                                         AND FOR DECLARATORY JUDG-
21   ACTIFIO, INC.,                      MENT**

22                  Defendant.
                                         DEMAND FOR JURY TRIAL
23

24

25

26

27

28

CONSOLIDATED COMPLAINT                            Case No.: 5:13-cv-04613-BLF

Pursuant to the Court's September 24, 2014 Order (Dkt. No. 95), plaintiff Delphix Corp. ("Delphix") for its Consolidated Complaint against defendant Actifio, Inc. ("Actifio") alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement and misappropriation of trade secrets.

2.      This is also a civil action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the resolution of an existing patent conflict between Delphix and Actifio. The underlying dispute arises under the patent laws of the United States, Title 35 of the United States Code. Specifically, Actifio has asserted rights under U.S. Patent Nos. 6,959,369 ("'369 patent") and 6,732,244 ("'244 patent") (collectively the "Actifio patents-in-suit") based on certain ongoing activity by Delphix, and Delphix contends that it has the right to engage in this activity without license. Delphix thus seeks a declaration that it does not infringe the patents-in-suit and that the patents-in-suit are invalid.

## PARTIES

3.      Delphix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025. Delphix is a leading provider of software platforms for creating virtual storage and infrastructure for complex database systems.

4.      Defendant Actifio, Inc. ("Actifio") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451. Actifio makes and sells storage virtualization and data management systems and services under the name, *inter alia*, the Copy Data Storage Platform.

5.      Actifio designs, develops, manufactures, imports, offers for sale, and sells certain products and technology, including the Copy Data Storage Platform, the Actifio Protection, and Availability Storage software product and their predecessor versions ("Actifio Storage Products"), to customers in the United States, including in the Northern District of California. Actifio's products compete with Delphix's products.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

6.      On information and belief, Actifio transacts business related to the Actifio Storage Products throughout the United States.

7.      Actifio engages in sales-related activity of the Actifio Storage Products within the boundaries of this district, including sales of the Actifio Storage Products to the Palo Alto Unified School District.

8.      Actifio conducts sales efforts in the Northern District of California, including meeting with customers and potential customers in the district.

9.      Ash Ashutosh is the founder of Actifio and Actifio's CEO.  Ash Ashutosh is also a former member of Delphix's Board of Directors.

10.     As described below, during the period in which he sat on Delphix's Board of Directors, Mr. Ashutosh personally attended meetings of Delphix's Board of Directors in this district.

## JURISDICTION

11.     This Court has subject matter jurisdiction over Delphix's patent claims, arising under Title 35 of the United States Code, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has subject matter jurisdiction over Delphix's declaratory judgment claims, arising under Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy exists between Delphix and Actifio that requires a declaration of rights by this Court.

13.     This Court has supplemental jurisdiction over Delphix's trade secret misappropriation claims pursuant to 28 U.S.C. § 1367.

14.     This Court has personal jurisdiction over Actifio because it has committed and continues to commit acts of direct and indirect patent infringement, and has misappropriated Delphix's trade secrets.  Among other things, on information and belief, Actifio regularly conducts business in California by regularly making sales efforts and sales of its product in this judicial district.  Actifio has also sought relief from the Court in this action by pleading counterclaims alleging patent infringement against Delphix.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**VENUE**

15.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400 because Actifio is subject to personal jurisdiction in this judicial district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).  A substantial part of the acts giving rise to the claim occurred in this judicial district.

16.     Delphix maintains its primary office in Menlo Park, California, at which research and development efforts take place.

17.     On information and belief, at least one of the inventors on the asserted Actifio patents-in-suit resides in this judicial district.

18.     Accordingly, there are fact witnesses in this judicial district.

**INTRADISTRICT ASSIGNMENT**

19.     Pursuant to Civil L.R. 3-2(c), divisional assignment is unnecessary because this case is an intellectual property action.

**FACTUAL BACKGROUND**

20.     Since its founding in 2008, Delphix has and continues to invest heavily in the development of cutting edge data virtualization technology that provides great efficiencies both in terms of storage infrastructure and data accessibility.  Before Delphix, when a software development team needed a copy of a database or a new instance of an application release, they would have to wait for database administrators, storage administrators, and system administrators to allocate storage, network, and servers and then copy or restore the right data inside those systems.  Each copy would consume redundant infrastructure and require weeks of time to provision.  Delphix changed this.  Using Delphix software solutions, developers can easily and quickly provision "virtual" copies of databases and applications without relying on administrators and without the need for additional infrastructure.  These virtual copies are not actual copies of the data—rather each copy is provisioned by generating pointers to shared data blocks.  The Delphix approach substantially reduces enterprise data redundancy and database downtime, and makes data available for multiple purposes in an instant.

CONSOLIDATED COMPLAINT

Case No.: 5:13-cv-04613-BLF

21.     Delphix's innovative software is now used by dozens of major companies to reduce the cost and complexity of large scale data management. Because of these technical advances, Delphix has received significant recognition and accolades including, for example, recently being named by Forbes magazine as one of America's Top 25 Most Promising Companies of 2014.

22.     Delphix's development efforts and technology are covered by intellectual property, including United States patents and trade secrets.

23.     Delphix is the sole and exclusive owner of all right, title, and interest in the following patents:

- United States Patent No. 8,150,808 ("the '808 patent") entitled "Virtual Database System" (attached hereto as Exhibit A);

- U.S. Patent No. 8,161,077 ("the '077 patent") entitled "Datacenter Workflow Automation Scenarios Using Virtual Databases" (attached hereto as Exhibit B);

- U.S. Patent No. 8,548,944 ("the '944 patent") entitled "De-Duplication Based Backup of File Systems" (attached hereto as Exhibit C);

- United States Patent No. 8,566,361 ("the '361 patent") entitled "Datacenter Workflow Automation Scenarios Using Virtual Databases" (attached hereto as Exhibit D); and

- United States Patent No. 8,468,174 ("the '174 patent") entitled "Interfacing with a Virtual Database System" (attached hereto as Exhibit E).

24.     The inventions of the '808, '077, '361 and '174 patents are directed to technology for creating a virtual database infrastructure and using this infrastructure in various database workflow scenarios, such as testing and development, backup and recovery, and building data warehouses.

25.     The invention of the '944 patent is directed to an efficient method for backing up file systems using time-based snapshots and a "virtual" file system.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

26.     In addition to and separately from these patents, Delphix has developed and maintained confidential business information as trade secrets including, but not limited to, product architecture and product development strategies and timelines.

27.     Delphix takes significant measures to protect the secrecy of its trade secrets.  For example, the Delphix At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement, which all employees are required to sign, specifies that, both during and after the term of employment with Delphix, without specific prior written permission from the President or the Board of Directors of Delphix, an employee may not disclose any Delphix confidential information, defined as "any non-public information that relates to the actual or anticipated business, research or development of the Company, or to the Company's technical data, trade secrets, or know-how, including, but not limited to, research, product plans, or other information regarding the Company's products or services and markets therefor, customer lists and customers . . . software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, and other business information."  A copy of Delphix's At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement is attached as Exhibit F (UNDER SEAL).

28.     Delphix further protects its trade secrets and confidential information by restricting access to confidential information on a need-to-know basis, using password protected systems to store confidential information, and affixing confidentiality labels to documents including such information.  Delphix requires contractors to sign non-disclosure agreements.  Delphix also includes restrictions on the use and disclosure of Delphix's confidential information in its licensing agreements.

29.     Delphix realizes substantial economic value from the fact that Delphix's trade secrets are not generally known to its competitors or the public at large.  For example, keeping its product architecture, development strategy, and timelines confidential gives Delphix a significant advantage over its competitors because its competitors do not know Delphix's product development cycle, and cannot copy from Delphix and avoid the time and resources required to develop

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

competing products and jump ahead.  Because Delphix keeps this information confidential, it is able to derive value from the information, including increased sales over its competitors.

30.     From June 2008 to July 2009, Mr. Ashutosh served as a venture capital board member on the Board of Directors of Delphix.  Mr. Ashutosh was a partner with the venture capital firm Greylock Partners, one of Delphix's investors, at the time.

31.     As a member of Delphix's Board, Mr. Ashutosh requested and received Delphix's confidential information including detailed information about Delphix's product architecture, business strategies, financial information, and intellectual property strategy.  Mr. Ashutosh received this information pursuant to strict confidentiality obligations.

32.     While serving on the Board of Directors of Delphix, Mr. Ashutosh actively solicited information about and tracked Delphix's intellectual property strategy, including its patent and product development.  In November of 2008, Mr. Ashutosh planned to meet Charlie Zha and Alok Srivastava, named inventors on Delphix patents, and Delphix's Chief Technology Officer and Vice President of Engineering, respectively, to discuss Delphix's engineering plans.  At a board meeting in January of 2009, Mr. Ashutosh asked for a map of Delphix's intellectual property strategy.  Shortly before a March 2009 board meeting, Mr. Ashutosh asked Delphix's CEO, Jedidiah Yueh, that the meeting cover, in detail, tangible milestones in the Delphix engineering organization.  Again, Mr. Ashutosh received Delphix's confidential information pursuant to strict confidentiality obligations.

33.     At the same time that Mr. Ashutosh was collecting confidential Delphix information, he was actively and secretly plotting the creation of Actifio which was to be founded and based on Delphix technology and business strategies.  Indeed, within weeks of soliciting details regarding Delphix intellectual property and technology, Mr. Ashutosh incorporated Actifio in Delaware on April 14, 2009, while still on Delphix's Board of Directors.  Mr. Ashutosh also attempted to secure funding for Actifio while on Delphix's Board of Directors.

34.     In May of 2009, Mr. Yueh was informed that Mr. Ashutosh was leaving Greylock Partners to start another company, and that he would be resigning from his position as a Director of Delphix.  Mr. Ashutosh told Mr. Yueh that his new project would be non-competitive.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

35.     Early in June of 2009, Mr. Ashutosh and Mr. Yueh met to discuss Mr. Ashutosh's new project.  Mr. Yueh expressed concerns to Mr. Ashutosh that he was abusing his role as a fiduciary to Delphix and potentially funneling confidential information from Delphix to Actifio for the purpose of building Actifio's competing technology.  In response, Mr. Ashutosh assured Mr. Yueh that his new company was non-competitive and that he would keep all of Delphix's information confidential.  Based on Mr. Ashutosh's representations, Mr. Yueh believed that Mr. Ashutosh would not use or divulge Delphix's confidential information to Actifio or anyone else.

36.     Mr. Ashutosh resigned from Delphix's Board of Directors in July of 2009.  A draft separation agreement between Mr. Ashutosh and Greylock Partners indicates that Mr. Ashutosh agreed not to disclose any confidential information relating to Greylock Partners, or any confidential information received from Greylock Partners' portfolio companies, such as Delphix, to third parties.  A copy of this agreement is attached as Exhibit G (UNDER SEAL).

37.     In early February 2012, Mr. Yueh discovered that Actifio was marketing products infringing on technology developed by Delphix, and embodied in patent applications filed by Delphix and pending at the time.  On February 7, 2012, Mr. Yueh called Mr. Ashutosh to inform him that Actifio was infringing on technologies developed by Delphix, embodied in the patents-in-suit as described by their published applications, and that a suit could potentially be brought against Actifio.

38.     After reviewing documents recently produced by Actifio in this lawsuit, Delphix discovered for the first time that, without any express or implied consent from Delphix, Mr. Ashutosh retained and brought to Actifio Delphix confidential information, including strictly confidential slide decks presented to Delphix's Board of Directors.  Mr. Ashutosh not only retained this confidential information, but had disseminated it within Actifio, again without any express or implied consent from Delphix.

39.     On at least October 7, 2009, for example, Mr. Ashutosh, without any express or implied consent from Delphix, sent confidential power point slides from a Delphix Board of Directors meeting to David Chang, Vice President of Products for Actifio.  A copy of this communication is attached as Exhibit H (UNDER SEAL).  Each slide contained the Delphix logo and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    was marked "Strictly Confidential for Board of Directors."  In addition, the second slide of the

2    July 1, 2009 Delphix Board of Directors presentation, from which Mr. Ashutosh took the slides

3    he forwarded to Mr. Chang, contained a confidentiality notice stating "The information presented

4    here is confidential and proprietary to Delphix Corp."  Actifio, Mr. Ashutosh and Mr. Chang

5    knew or should have known that the slides contained Delphix confidential trade secret infor-

6    mation and that possession and dissemination of the slides was improper.  A copy of relevant sec-

7    tions of the July 1, 2009 Delphix Board of Directors presentation is attached as Exhibit I (UN-

8    DER SEAL).

9        40.      The slides sent to Mr. Chang and misappropriated by Actifio describe trade secret

10   business information regarding Delphix's product development, architecture, and testing results.

11   In particular, the slides include a Delphix Engineering Dashboard, Delphix component architec-

12   ture diagrams, a Delphix Product Quality Dashboard identifying bug fix rates and outstanding

13   bugs, Delphix's product development timeline, Delphix's product testing timeline, Delphix's out-

14   sourced partners, and the size of Delphix's engineering workforce.

15       41.      The slides provided a roadmap to the underlying confidential architecture of Del-

16   phix's technology and product development efforts, and gave Actifio an improper competitive

17   edge over Delphix and a head start in development of its own competing products.

18       42.      Mr. Ashutosh also retained and impermissibly brought to Actifio additional Del-

19   phix highly confidential documents describing Delphix's trade secrets.

20       43.      Before receiving and reviewing documents produced by Actifio in this lawsuit,

21   and in light of Mr. Ashutosh's representation to Mr. Yueh that he would not disclose Delphix's

22   confidential information, Delphix did not know and had no way of knowing that Actifio had cop-

23   ies of Delphix's highly confidential documents with Delphix's trade secret information and that

24   Mr. Ashutosh had distributed Delphix's highly confidential trade secret information within

25   Actifio and to Mr. Chang.

26       44.      The information retained and brought to Actifio by Mr. Ashutosh and distributed

27   to Mr. Chang was used in developing Actifio's competing products and technology, which rely

28   on similar underlying technological concepts such as space-efficient virtualized point-in-time

CONSOLIDATED COMPLAINT

Case No.: 5:13-cv-04613-BLF

copies of application data used for test and development and recovery scenarios as Delphix's products and technology. There is no other reasonable explanation for Mr. Ashutosh to have sent Delphix's trade secret information to Actifio's Vice President of Products. As a result, Actifio has avoided the true costs and time associated with developing its products and has been able to compete more quickly with Delphix resulting in lost sales.

45.    Actifio has ridden on the coat-tails of Delphix's significant investments in research and development by infringing the patents-in-suit and illegally possessing and using Delphix's trade secrets and confidential information to Delphix's detriment.

46.    Actifio purports to be the owner of U.S. Patent No. 6,959,369 ("'369 patent"). The '369 patent is entitled "Method, system, and program for data backup." A copy of the '369 patent is attached as Exhibit J.

47.    Actifio purports to be the owner of U.S. Patent No. 6,732,244 ("'244 patent"). The '244 patent is entitled "Instant virtual copy technique with expedited creation of backup dataset inventory from source dataset inventory." A copy of the '244 patent is attached as Exhibit K.

48.    On March 5, 2014, Actifio sent a letter to Mr. Jedidiah Yueh, the CEO and founder of Delphix, and the Delphix Board in this district stating that it has "concluded that certain products made, sold, offered for sale, and used by Delphix (including Delphix's Agile Data Platform) infringe one or more claims of the '369 and '244 patents." Actifio's letter further demanded "that Delphix immediately cease making, using, selling or offering for sale infringing products, including Delphix's Agile Data Platform."

49.    Delphix denies infringement and/or asserts that the patents-in-suit are invalid, and contends that it maintains the right to engage in making, using, offering to sell, and selling the Delphix Agile Data Management Platform product line without license from Actifio. Delphix therefore seeks declaratory relief as alleged more fully below.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## FIRST CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 8,150,808

50.     Plaintiff Delphix incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

51.     Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '808 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

52.     Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '808 patent.  Actifio had knowledge of the '808 patent at least as early as the filing of this action on October 4, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Despite this knowledge, Actifio has induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention.  Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

53.     Actifio has been, is currently, and will continue to contribute to the infringement of the '808 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '808 patent.  The Actifio Storage Products are especially made or adapted for use with customer database installations that infringe the '808 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Actifio had knowledge of the '808 patent at least as early as the filing of this action on October 4, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Upon information and belief, Actifio knew that the combination for which the Actifio Storage Products were especially made infringed the '808 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

54.     As a direct and proximate consequence of Actifio's infringement of the '808 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

amount not yet determined, for which Delphix is entitled to relief.  Delphix seeks damages as well as preliminary and permanent injunctive relief against further infringement.

## SECOND CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 8,161,077

55.     Plaintiff Delphix incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

56.     Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '077 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

57.     Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '077 patent.  Actifio had knowledge of the '077 patent at least as early as the filing of this action on October 4, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Despite this knowledge, Actifio has induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention.  Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

58.     Actifio has been, is currently, and will continue to contribute to the infringement of the '077 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '077 patent.  The Actifio Storage Products are especially made or adapted for use with customer database installations that infringe the '077 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Actifio had knowledge of the '077 patent at least as early as the filing of this action on October 4, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Upon information and belief, Actifio knew that the combination for which the Actifio Storage Products were especially made infringed the '077 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

59.    As a direct and proximate consequence of Actifio's infringement of the '077 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief.  Delphix seeks damages as well as preliminary and permanent injunctive relief against further infringement.

**THIRD CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 8,548,944**

60.    Plaintiff Delphix incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

61.    Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '944 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

62.    Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '944 patent.  Actifio had knowledge of the '944 patent at least as early as the filing of this action on October 4, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Actifio had knowledge of the '944 patent and induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention.  Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

63.    Actifio has been, is currently, and will continue to contribute to the infringement of the '944 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '944 patent.  The Actifio Storage Products are especially made or adapted for use with customer database installations that infringe the '944 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Actifio had knowledge of the '944 patent at least as early as the filing of this action on October 4, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Upon information and belief, Actifio knew that the combination for which the Actifio Storage Products were especially made

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

infringed the '944 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

64.     As a direct and proximate consequence of Actifio's infringement of the '944 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief.  Delphix seeks damages as well as preliminary and permanent injunctive relief against further infringement.

**FOURTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 8,566,361**

65.     Plaintiff Delphix incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

66.     Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '361 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

67.     Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '361 patent.  Actifio had knowledge of the '361 patent at least as early as the filing of Delphix's First Amended Complaint in this action on October 23, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery. Actifio induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention.  Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

68.     Actifio has been, is currently, and will continue to contribute to the infringement of the '361 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '361 patent.  The Actifio Storage Products are especially made or adapted for use with customer database installations that infringe the '361 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Actifio had knowledge of the '361 patent at least as early as the filing of Delphix's First Amended Complaint in this action on October 23, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

discovery.  Upon information and belief, Actifio knew that the combination for which the Actifio Storage Products were especially made infringed the '361 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

69.     As a direct and proximate consequence of Actifio's infringement of the '361 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief.  Delphix seeks damages as well as preliminary and permanent injunctive relief against further infringement.

**FIFTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 8,468,174**

70.     Plaintiff Delphix incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

71.     Defendant Actifio has been, is currently, and will continue to directly infringe one or more claims of the '174 patent by making, using, offering to sell, and selling within the United States the Actifio Storage Products.

72.     Actifio has been, is currently, and will continue to actively induce and encourage infringement of the '174 patent.  Actifio had knowledge of the '174 patent at least as early as the filing of Delphix's First Amended Complaint in this action on October 23, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery. Despite this knowledge, Actifio has induced and encouraged the direct infringement of the patent by its customers by providing instruction and direction to use the patented invention.  Upon information and belief, Actifio acted with specific intent to induce and encourage its customers' infringement.

73.     Actifio has been, is currently, and will continue to contribute to the infringement of the '174 patent by selling and/or offering to sell the Actifio Storage Products, which are a material component of the customer systems which directly infringe the '174 patent.  The Actifio Storage Products are especially made or adapted for use with customer database installations that infringe the '174 patent, and are not staple articles or commodities of commerce suitable for sub-

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

stantial noninfringing use.  Actifio had knowledge of the '174 patent at least as early as the filing of Delphix's First Amended Complaint in this action on October 23, 2013, and Delphix expects to find evidence of earlier knowledge after a reasonable opportunity for further investigation and discovery.  Upon information and belief, Actifio knew that the combination for which the Actifio Storage Products were especially made infringed the '174 patent, as evidenced by its continued sales and instructions regarding use of the Actifio Storage Products after it knew of its infringement.

74.     As a direct and proximate consequence of Actifio's infringement of the '174 patent, Delphix has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Delphix is entitled to relief.  Delphix seeks damages as well as preliminary and permanent injunctive relief against further infringement.

## SIXTH CLAIM FOR RELIEF

### Misappropriation of Trade Secrets, Cal. Civ. Code §§ 3246, *et seq.*

75.     Plaintiff Delphix incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

76.     As discussed above, as a result of substantial investment, Delphix has created and acquired trade secret information within the meaning of California Civil Code Section 3426.1(d), including, but not limited to, confidential information about its product architecture and product development strategies and timelines.  Such information constitutes trade secret information because it derives actual and potential economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, such as Delphix's competitors.  As set forth herein, such information has been the subject of efforts that were reasonable under the circumstances to maintain its secrecy.

77.     Defendant Actifio has engaged in misappropriation of trade secrets, which it knew or should have known were Delphix's trade secrets, by acquiring, using, and disclosing Delphix's trade secrets without permission to do so.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

78.     Actifio, by the acts alleged herein, has misappropriated Delphix's trade secrets in violation of the Uniform Trade Secrets Act, California Civil Code Section 3426, *et seq.*, entitling Delphix to injunctive relief and damages.

79.     As a direct and proximate result of Actifio's misappropriation of trade secrets, Delphix has suffered actual damages in an amount to be proven at trial.  In addition, Actifio has been unjustly enriched.  Delphix is, therefore, entitled to recover compensatory damages and restitution from Actifio in an amount to be determined at trial.

80.     On information and belief, in misappropriating Delphix's trade secrets, Actifio acted willfully and maliciously, justifying an award of exemplary damages from Actifio pursuant to California Civil Code Section 3426.3(c).  Delphix is also entitled to recover from Actifio its attorneys' fees incurred in this action.

81.     As a direct and foreseeable result of Actifio's misappropriation of trade secrets, Delphix has suffered and will continue to suffer irreparable harm, including but not limited to further misappropriation and exploitation of its trade secrets and a loss of its competitive advantage. Unless Actifio is permanently enjoined, it will continue to inflict irreparable harm on Delphix for which remedies at law are inadequate.  Accordingly, Delphix is entitled to injunctive relief.

**SEVENTH CLAIM FOR RELIEF**

**(Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 6,959,369)**

82.     Plaintiff Delphix restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 49 above, as if fully set forth herein.

83.     Actifio contends that Delphix has or is infringing one or more claims of the '369 patent.

84.     Actifio claims to be the owner of all right, title and interest in the '369 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

85.     Delphix does not infringe any claim of the '369 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Delphix's products or services.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

86.     As set forth above, an actual and justiciable controversy exists between Delphix and Actifio as to Delphix's non-infringement of the '369 patent.

87.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Delphix requests that this Court enter a judgment that Delphix does not infringe, under any theory of infringement, any valid claim of the '369 patent.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,959,369)

88.     Plaintiff Delphix restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 49 above, as if fully set forth herein.

89.     Upon information and belief, Actifio contends that the '369 patent is valid.

90.     One or more of the claims of the '369 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

91.     As set forth above, an actual and justiciable controversy exists between Delphix and Actifio as to whether the claims of the '369 patent are invalid.

92.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Delphix requests that this Court enter a judgment that the claims of the '369 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## NINTH CLAIM FOR RELIEF

### (Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 6,732,244)

93.     Plaintiff Delphix restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 49 above, as if fully set forth herein.

94.     Actifio contends that Delphix has or is infringing one or more claims of the '244 patent.

95.     Actifio claims to be the owner of all right, title and interest in the '244 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

96.     Delphix does not infringe any claim of the '244 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Delphix's products or services.

97.     As set forth above, an actual and justiciable controversy exists between Delphix and Actifio as to Delphix's non-infringement of the '244 patent.

98.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Delphix requests that this Court enter a judgment that Delphix does not infringe, under any theory of infringement, any valid claim of the '244 patent.

**TENTH CLAIM FOR RELIEF**

**<u>(Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,732,244)</u>**

99.     Plaintiff Delphix restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 49 above, as if fully set forth herein.

100.    Upon information and belief, Actifio contends that the '244 patent is valid.

101.    One or more of the claims of the '244 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

102.    As set forth above, an actual and justiciable controversy exists between Delphix and Actifio as to whether the claims of the '244 patent are invalid.

103.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Delphix requests that this Court enter a judgment that the claims of the '244 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**DEMAND FOR JURY TRIAL**

Delphix demands trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

///

///

///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

CONSOLIDATED COMPLAINT

Case No.: 5:13-cv-04613-BLF

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Delphix demands the following relief against defendant Actifio:

a)      entry of a judgment declaring that Actifio has infringed one or more claims of the '808 patent;

b)      a preliminary and permanent injunction against the continuing infringement of the '808 patent;

c)      entry of a judgment declaring that Actifio has infringed one or more claims of the '077 patent;

d)      a preliminary and permanent injunction against the continuing infringement of the '077 patent;

e)      entry of a judgment declaring that Actifio has infringed one or more claims of the '944 patent;

f)      a preliminary and permanent injunction against the continuing infringement of the '944 patent;

g)      entry of a judgment declaring that Actifio has infringed one or more claims of the '361 patent;

h)      a preliminary and permanent injunction against the continuing infringement of the '361 patent;

i)      entry of a judgment declaring that Actifio has infringed one or more claims of the '174 patent;

j)      a preliminary and permanent injunction against the continuing infringement of the '174 patent;

k)      damages to compensate Delphix for Actifio's infringement, pursuant to 35 U.S.C. § 284;

l)      entry of a judgment declaring that Actifio has misappropriated one or more of Delphix's trade secrets;

m)      recovery of actual damages from Actifio for its misappropriation of Delphix's trade secrets, according to proof at trial;

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

n)      recovery of restitution from Actifio, and/or any interest in money or property which may have been acquired by means of Actifio's misappropriation of trade secrets;

o)      injunctive relief, to prevent Actifio from disclosing and/or using any confidential and/or trade secret information belonging to Delphix and misappropriated by Actifio;

p)      injunctive relief, to eliminate the commercial advantage that Actifio would otherwise derive from its misappropriation of Delphix's trade secrets;

q)      exemplary damages of twice Delphix's actual damages from Actifio pursuant to California Civil Code § 3426.3;

r)      injunctive relief requiring the return of all Delphix confidential and trade secret information;

s)      a judicial determination and declaration that Delphix has not infringed and is not infringing, directly or indirectly, any claim of the Actifio patents-in-suit;

t)      a judicial determination and declaration that one or more claims of the Actifio patents-in-suit is invalid;

u)      injunctive relief against Actifio, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against Delphix or Delphix's customers claiming that the Actifio patents-in-suit are valid or infringed, or for representing that Delphix's products or services, or that others' use thereof, infringe the Actifio patents-in-suit;

v)      an award of pre-judgment and post-judgment interest and costs to Delphix;

w)      an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

x)      an award of reasonable attorneys' fees pursuant to California Civil Code § 3426.4; and

y)      such other and further relief as the Court may deem just and fair.

///

///

///

///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Dated:   October 8, 2014

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP

By: *s/ J. David Hadden*
    J. David Hadden

    Attorneys for Plaintiff
    DELPHIX CORP.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

CONSOLIDATED COMPLAINT

Case No.: 5:13-cv-04613-BLF