UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DELPHIX CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>ACTIFIO, INC.,<br><br>    Defendant. | Case No. 13-cv-04613-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>[Re: ECF 103] |

    Before the Court is the Motion to Stay Pending *Inter Partes* Review by Defendant Actifio, Inc. Def.'s Mot., ECF 103. The Court heard oral argument on the motion on November 13, 2014. Having carefully considered the parties' respective written submissions, as well as the argument of counsel, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Stay.

**I.    BACKGROUND**

    This lawsuit has been slowly expanding since Plaintiff Delphix Corp. first filed its complaint on October 4, 2013 asserting that Defendant infringes three of its patents: U.S. Patent Nos. 8,150,808 ('808 Patent), 8,161,077 ('077 Patent), and 8,548,944 ('8944 Patent). Compl., ECF 1. Since that time, Plaintiff has: (1) added two more of its patents—U.S. Patent Nos. 8,566,361 ('361 Patent) and 8,468,174 ('174 Patent)—to the fray, *see* ECF 8; (2) filed a declaratory judgment lawsuit on two of Defendant's patents—U.S. Patent Nos. 6,959,369 ('369 Patent) and 6,732,244 ('244 Patent)—that was later consolidated with this action,[1] *see* ECF 58; (3) obtained leave on September 24, 2014 to file an amended complaint asserting a trade secret misappropriation claim against Defendant, *see* ECF 95; and is attempting to add two more of

---

[1] Defendant now has active counterclaims against Plaintiff for, *inter alia*, infringement of the '369 and '244 Patents. *See, e.g.*, Answer to Consolidated Compl. and Counterclaims, ECF 110.

Defendant's patents—U.S. Patent Nos. 8,299,944 ('9944 Patent) and 8,788,769 ('769 Patent)—to its declaratory judgment action, *see* ECF 79.[2]  At present, this lawsuit involves Plaintiff's five patents, Plaintiff's trade secret misappropriation claim, and Defendant's two patents with the potential that two more of Defendant's patents may be added to the case.

Between October 3 to 23, 2014, Defendant filed petitions for *inter partes* review ("IPR") of nearly all claims of all five of Plaintiff's patents-in-suit (the '808, '077, '8944, '361, and '174 Patents).[3]  Def.'s Mot. 1.  Those petitions are currently pending before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office, and the governing statute and regulations suggest that the PTAB will decide whether to institute IPR proceedings by April 2015.  *Id.* at 1, 6.  Defendant now seeks to stay this lawsuit pending "resolution" of its IPR petitions.

## II.   LEGAL STANDARD

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988).  A court is under no obligation to stay proceedings pending parallel litigation in the PTAB, *see Aylus Networks, Inc. v. Apple, Inc.*, No. C-13-4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014), though judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR, *see Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014).  The familiar factors that courts in this district consider when determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and

---

[2] Defendant filed suit against Plaintiff in the District of Massachusetts, alleging infringement '9944 and '769 Patents.  Pl.'s Opp. 4, ECF 106.  Plaintiff has moved for leave to supplement its declaratory judgment complaint with these patents, which motion will be heard on December 4, 2014.  Pl.'s Mot. to Amend, ECF 79.  Plaintiff also filed a motion in the Massachusetts action seeking to transfer the infringement claims to this Court, which Plaintiff contends is the first-filed action.  *Id.* at 2-3.  The Massachusetts court has not yet ruled on Plaintiff's motion.

[3] At the November 13, 2014 hearing, Plaintiff contended that Defendant's petitions did not cover at least one claim in the '174 Patent.

1  (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the
2  nonmoving party." *PersonalWeb Technologies, LLC v. Apple Inc.*, ---F. Supp. 3d---, No. 4:14-
3  CV-1683 YGR, 2014 WL 4757816, at *2 (N.D. Cal. Sept. 24, 2014).

## III.  DISCUSSION

### A.  Stage of the Litigation

Though initiated over a year ago, this action is still in its early stages due to several rounds of motions to dismiss and the addition of an increasing number of claims and issues to the case. The parties have exchanged initial disclosures and Patent Local Rule disclosures and are about to embark upon claim construction briefing. A technology tutorial is presently set for January 9, 2015, with a subsequent *Markman* hearing on January 16, 2015. There is no trial date set.

The Court does not doubt that the parties have "already expended considerable resources on discovery and claim construction." Pl.'s Opp. 16. Discovery, however, is far from complete, particularly because the Court just granted Plaintiff's request to add a trade secret misappropriation claim in September. Moreover, if Plaintiff succeeds in its motion to add the '9944 and '769 Patents to this action, the introduction of two more patents will likely cause delay and potentially require further claim construction. If this Court stays certain proceedings now and later allows the introduction of the '9944 and '769 Patents into the case, it would permit the parties to proceed with claim construction in a more orderly manner. As such, the Court finds that the present stage of the litigation favors a stay.

### B.  Simplification of Issues

"A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Evolutionary Intelligence,* 2014 WL 93954, at *2 (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)). Because the PTAB has not yet acted on Defendant's IPR petitions, this factor is generally neutral, as the Court cannot presently determine the likelihood or degree to which IPR would streamline the issues in this case. *See, e.g.*, *Aylus*, 2014 WL 5809053, at *1. Moreover, the five patents that are the subject of Defendant's IPR petitions constitute a portion of

this lawsuit, as Plaintiff's trade secret misappropriation claim and the claims surrounding Defendant's two patents would not be impacted by the outcome of the IPR.

On the other hand, the patents subject to IPR are a *significant* portion of this action, and "[t]here is also little benefit to be gained from having two forums review the validity of the same claims at the same time." *Evolutionary Intelligence*, 2014 WL 93954, at *3. At a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results. *Id.*; *see also Coho Licensing LLC v. Glam Media*, No. C 14-01576 JSW, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014). Even if the PTAB only partially grants the petitions, that may assist the parties in identifying asserted claims and terms for construction so that all may avoid the potentially frustrating result of proceeding to litigate claims that are ultimately cancelled in reexamination. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) *cert. denied*, 134 S. Ct. 2295 (2014). This factor therefore weighs in favor of a stay.

### C. Undue Prejudice

Plaintiff argues that it would be substantially prejudiced by a stay because Defendant would be afforded a tactical advantage: "delay a decision on the merits of Delphix's claims and reap the rewards of its theft and infringement for as long as possible." Pl.'s Opp. 9. Furthermore Plaintiff contends that it and Defendant are the "only two competitors with traction" in the emerging market for "copy data management solutions," and that delay in vindicating its patent rights would prejudice its market share and sales cycle. *Id.* at 9-11. Finally, Plaintiff argues that Defendant purposefully delayed filing its IPR petitions, waiting until the end of the statutory 1-year period to do so. *Id.* at 3-14.

The Court observes that there appears to be substantial dispute over whether the parties actually are direct competitors, and both sides have submitted conflicting evidence on that point. *See* Def.'s Mot. 12-13; Pl.'s Opp. 9-13; Def.'s Reply 12-14. The most that can be gleaned is that the parties do compete in some way and that Defendant may be emerging as one of Plaintiff's more significant competitors. As to Defendant's delay in filing petitions for IPR, while the Court does not condone gamesmanship, it will not require a patent infringement defendant to file a

4

petition for *inter partes* review significantly earlier than the time allowed by statute.  35 U.S.C. § 315(b).  Moreover, Defendant notified Plaintiff and the Court of its intent to file petitions for IPR at a September 18, 2014 further case management conference, thus somewhat undercutting the assertion of undue delay.

Ultimately, any prejudice to Plaintiff can be mitigated by limiting the duration and scope of a stay.  Because any IPR is unlikely to affect Plaintiff's trade secret misappropriation claim and the claims concerning Defendant's '369 and '244 Patents, the parties should be permitted to proceed on those issues, at least until the potential effect of Defendant's IPR petitions can be better evaluated after the PTAB's decision on those petitions.  Moreover, a brief continuation of claim construction proceedings will permit the Court to consider whether to allow Defendant's '9944 and '769 Patents into this action and, once all the dust has settled, permit the parties to proceed with claim construction in a more orderly fashion.

The potential prejudice to Plaintiff is therefore not significant enough to outweigh the factors favoring a stay.

## IV.  ORDER

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Stay Pending *Inter Partes* Review.  This action is PARTIALLY STAYED pending the PTAB's decision on Defendant's petitions for *inter partes* review of the '808, '077, '8944, '361, and '174 Patents, and all discovery relating to those patents is STAYED.  This PARTIAL STAY shall not apply to Plaintiff's trade secret misappropriation claim, Defendant's '369 and '244 Patents, or Plaintiff's pending motion to add Defendant's '9944 and '769 Patents.  The present claim construction briefing schedule, as well as the tutorial and *Markman* hearing presently scheduled for January 9 and 16, 2015 respectively are VACATED.  The Court shall issue a separate scheduling order notifying the parties of the rescheduled claim construction dates.

The parties shall appear for a further Case Management Conference on April 16, 2015 at 1:30 p.m. in Courtroom 3, 5th Floor, San Jose.  The parties are to submit a joint status statement by April 9, 2015, or if earlier, the date of the PTAB's decision regarding Defendant's petitions.  A fresh look may be taken at any further request to stay all or a portion of this action upon the

PTAB's decision.

**IT IS SO ORDERED.**

Dated: November 13, 2014

BETH LABSON FREEMAN
United States District Judge