United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DELPHIX CORP.,

              Plaintiff,

    v.

ACTIFIO, INC.,

              Defendant.

Case No.  13-cv-04613-BLF

**ORDER DENYING MOTION TO SEVER AND TRANSFER; STAYING ENTIRE ACTION DURING PENDENCY OF *INTER PARTES* REVIEW**

[Re:  ECF 148, 149, 150]

Before the Court is defendant Actifio, Inc.'s Motion to Sever and Transfer Its Patent Claims.  Def.'s Mot., ECF 150.  Also before the Court are the parties' respective supplemental briefs regarding an extension of the stay this Court entered on November 13, 2014.  ECF 148, 149. The Court finds Actifio's motion suitable for submission without oral argument and VACATES the July 30, 2015 hearing date.  Having carefully considered the parties' respective written submissions, Actifio's motion is DENIED and this action is STAYED in its entirety.

I.    **BACKGROUND**

    This consolidated action began as a simple patent infringement lawsuit by plaintiff Delphix Corp. accusing defendant Actifio, Inc. of infringing five of Delphix's patents.  Actifio, in turn, accused Delphix of infringing two of its own patents, causing Delphix to file a second lawsuit in this district seeking a declaration that it does not infringe the Actifio patents.  Actifio moved to relate the cases in April 2014, ECF 50, which this Court granted, and the parties subsequently stipulated to consolidate the two cases, ECF 58.  In September 2014, Delphix obtained leave to add a claim against Actifio for trade secret misappropriation.  ECF 95.

1    While all of this was happening, Actifio filed another lawsuit asserting two more of its

2    patents in the District of Massachusetts.  *Actifio Inc. v. Delphix Corp.*, No. 1:14-cv-13247

3    ("Massachusetts Action").  Delphix sought to transfer the claims in the Massachusetts Action to

4    this district, contending that this action was first-filed.  Pl.'s Mot. to Amend, ECF 79; Decl. of S.

5    Giri Pathmanaban, ECF 150-1 Exh. D.  The Massachusetts court denied that motion on March 17,

6    2015.  Pathmanaban Decl. ¶ 6.

7    On October 9, 2014, after filing petitions for *inter partes* review ("IPR") of all five patents

8    asserted by Delphix in this case, Actifio moved to stay this entire action.  Mot. to Stay, ECF 103.

9    Delphix opposed a stay as vigorously as Actifio advocated in favor of one.  On November 13,

10   2014, the Court partially granted Actifio's request and stayed proceedings in connection with

11   Delphix's patents-in-suit pending decision on Actifio's IPR petitions before the Patent Trial and

12   Appeal Board ("PTAB") of the United States Patent and Trademark Office.  Stay Order, ECF 118.

13   Unaffected by the stay were Delphix's claim against Actifio for trade secret misappropriation and

14   Actifio's claims against Delphix for infringement of two Actifio patents.  The Court observed that

15   in light of the uncertain outcome of the then-just filed IPR petitions, the parties should proceed on

16   those claims unlikely to be affected by the IPR "at least until the potential effect of Defendant's

17   IPR petitions can be better evaluated after the PTAB's decision on those petitions." *Id.* at 5.  In

18   May 2015, the PTAB instituted IPR on all of Delphix's patents-in-suit. *See* Updated Joint Case

19   Management Statement at 20, ECF 138.

20   Delphix now requests that the Court stay this entire action during the pendency of IPR

21   proceedings.  In a surprising turn of events, Actifio now opposes such a stay and requests that the

22   Court permit the parties to continue litigating Actifio's patent infringement claims and Delphix's

23   trade secret misappropriation claim.  In the alternative, Actifio requests that the Court sever its

24   patent claims from this action and transfer those claims to the District of Massachusetts.

25   **II.    LEGAL STANDARD**

26   Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms,

27   add or drop a party.  The court may also sever any claim against a party."  A court's discretion

28   under Rule 21 is broad, and "[t]he court may sever the claims against a party in the interest of

2

United States District Court
Northern District of California

1  fairness and judicial economy and to avoid prejudice, delay or expense." *Apple Inc. v. Wi-LAN*

2  *Inc.*, No. C 14-2838 CW, 2014 WL 4477362, at *3 (N.D. Cal. Sept. 11, 2014) (citing *Coleman v.*

3  *Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000)).

4      Similar factors inform a court's discretionary decision to stay litigation pending parallel

5  proceedings in the PTAB, as a court must consider "(1) whether discovery is complete and

6  whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of

7  the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to

8  the nonmoving party." *PersonalWeb Technologies, LLC v. Apple Inc.*, ---F. Supp. 3d---, No. 4:14-

9  CV-1683 YGR, 2014 WL 4757816, at *2 (N.D. Cal. Sept. 24, 2014).

10     As to discretionary transfers, a district court may do so in the interest of justice for the

11  convenience of the parties and of the witnesses.  28 U.S.C. § 1404(a).  In a case not involving a

12  forum-selection clause, a district court considering a § 1404(a) motion "must evaluate both the

13  convenience of the parties and various public-interest considerations."  *Atl. Marine Constr. Co.,*

14  *Inc. v. United States Dist. Court for the Western Dist. of Texas*, ---U.S.---, 134 S. Ct. 568, 581

15  (2013).  The parties' convenience and other private interests entails consideration of a number of

16  factors including the plaintiff's choice of forum, the parties' contacts with the forum, the contacts

17  relating to the plaintiff's claims in the chosen forum, the "'relative ease of access to sources of

18  proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining

19  attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy,

20  expeditious and inexpensive.'"  *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235,

21  241 n.6 (1981)); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  No

22  single factor is dispositive, though a plaintiff's choice of forum must be accorded some weight in

23  the analysis. *Atl. Marine*, 134 S. Ct. at 581 n.6.  "Public-interest factors may include 'the

24  administrative difficulties flowing from court congestion; the local interest in having localized

25  controversies decided at home; [and] the interest in having the trial of a diversity case in a forum

26  that is at home with the law.'"  *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6) (alteration in

27  original).  A transfer may not be appropriate if it would "merely shift rather than eliminate the

28  inconvenience."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

1986).  Ultimately, the party seeking to transfer a case bears the burden of demonstrating that transfer is appropriate.  *Id.*

## III.    DISCUSSION

Fairness, judicial economy and the interest in avoiding prejudice, delay or expense weigh in favor of staying this entire action and denying Actifio's request to sever its patents and transfer them to Massachusetts.  As this Court previously found, the Delphix patents subject to IPR are a significant portion of this action.  Stay Order at 4.  Now that IPR has been granted on all of Delphix's patents-in-suit, it is clear that a substantial portion of the action will remain stayed.  As explained below, there are significant overlaps in the evidence, technology, and legal issues that the Court and a jury would have to consider in deciding the parties' respective claims.  As such, a more comprehensive stay of the entire action is in order pending IPR of the Delphix patents.

Actifio argues that its patents in this case should be severed because they are "substantially different" from those asserted by Delphix, attempting to invoke the reasoning of the court in *Cellectricon AB v. Fluxion Biosciences, Inc.*, No. C-09-3150 RMW, 2011 WL 1557987 (N.D. Cal. Apr. 25, 2011).  *See* Def.'s Mot. 4-5.  The trouble with this argument, as Delphix notes, is that Actifio has previously represented to the Court the *similarities* between its and Delphix's claims.  Pl.'s Opp. 4-6.  Actifio's attempts to diminish its prior representations to the Court are unpersuasive.  Def.'s Mot. 5 ("Actifio sought to relate the two cases not because Actifio's patent claims substantially overlap with Delphix's patent claims, but because both cases were filed within weeks of each other in the same district, involved the same parties and counsel, no schedule had been set in either case, and there was no indication that the Court might stay Actifio's patent claims.").  The Court does not speculate about a party's intent when it files a motion to relate cases; it takes statements in the moving papers at face value.  Actifio urged the Court to relate the action on Actifio's patents to Delphix's separate infringement action against Actifio in order to avoid "unduly burdensome duplication of labor and expense or *conflicting results* if the cases are conducted before different Judges."  Def.'s Admin. Mot. to Relate at 2, ECF 50 (emphasis added).  Severing and transferring Actifio's patent claims at this stage would merely revive the specter of duplicative labor and expense and conflicting results, this time *after* the parties have already

4

expended time and resources litigating the claims in this district.

Actifio's claim that its patents—and the issues tied to those patents—are substantially different from Delphix's patents is further undercut, as Delphix notes, by the fact that Actifio cites Delphix's patents as "evidence" that Delphix infringes Actifio's patents in its Patent Local Rule 3-1(a) infringement contentions.[1] Pl.'s Opp. 5; *see generally* Decl. of Ryan J. Marton, ECF 158-1 Exh. 1. Actifio argues without any support that this fact "provides no justification to avoid severance or transfer." Def.'s Reply 3, ECF 162. This fact, however, is critical to the Court's consideration of whether Actifio's patents are similar to Delphix's and, as such, whether it would be fair and efficient to keep Actifio's patents in this case. Because Actifio is apparently accusing Delphix products that may embody Delphix's patents-in-suit and asserting that features claimed in those patents infringe Actifio's patents, it is clear that the same evidence and witnesses regarding Delphix's patents and products would be relevant to both parties' patent infringement claims. Further, Actifio's reliance on Delphix's patents to prove infringement suggests that there are overlapping issues of infringement and invalidity that would benefit from adjudication before one tribunal.

Nor is the Court persuaded by Actifio's complaint of prejudice from staying this action and denying its motion to sever. The only prejudice that Actifio identifies comes from having engaged in some discovery on the active claims in this case.[2] Def.'s Opp. 5-6. As Delphix notes, however, the parties have a cross-use agreement allowing discovery in this case to be used in the Massachusetts Action. Pl.'s Opp. 8. While it is not clear whether the parties have also agreed to use discovery from the Massachusetts Action in this case, there is no reason why they cannot work out a similar arrangement. Furthermore, given the existing cross-use agreement, the limited

---

[1] The Court observes that Actifio moved for leave to amend those contentions mere days before Delphix's opposition to this motion was due. ECF 152.

[2] Because Actifio contends that the parties are not direct competitors, the Court does not understand Actifio to be arguing that there is undue prejudice from the mere delay in resolving its patent claims. *See* Def.'s Mot. to Stay at 12-13, ECF 103; Def.'s Stay Reply 12-14, ECF. In any case, "delay in having a party's own claims adjudicated in court does not constitute undue prejudice." *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. C 13-02980 JSW, 2014 WL 1647399, at *2 (N.D. Cal. Mar. 14, 2014).

1   discovery conducted in this case thus far will not go to waste and will still be available once the

2   stay is lifted.

3        Even if the Court were inclined to undo consolidation and sever Actifio's patents from this

4   case, Actifio has not demonstrated that a transfer to the District of Massachusetts would promote

5   the interest of justice.  Delphix filed suit in this district seeking a declaration that it does not

6   infringe the Actifio's patents.  Delphix's choice of forum is entitled to some weight in light of the

7   fact that it is headquartered in this district and its products are accused of infringing Actifio's

8   patents.  Marton Decl. Exh. 2 ¶ 3; *Atl. Marine*, 134 S. Ct. at 581 n.6 (citing *Norwood v.*

9   *Kirkpatrick*, 349 U.S. 29, 32 (1955)).  While anticipatory suits may be disfavored as "aspects of

10  forum-shopping," *Alltrade Inc., v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), so is

11  outright forum-shopping.  Indeed, Actifio's own argument against Delphix's choice of forum is

12  undermined by its failure to seek transfer earlier in this litigation.  No rule of this Court required

13  Actifio to affirmatively seek relation of the two actions Delphix filed in this district.  Nor did

14  Actifio need to stipulate to consolidate the actions once related.  Even at the time it moved to stay

15  this entire action in October 2014, or when it opposed Delphix's efforts to transfer the

16  Massachusetts patents to this district, Actifio could have requested a severance of its claims.

17  Instead, Actifio waited until after the PTAB had instituted IPR on all of Delphix's patents-in-suit

18  to now claim that a stay of the entire action is no longer warranted.  Given Actifio's apparent

19  willingness to litigate in this forum until recently, the Court finds that Delphix's choice of forum is

20  entitled to weight in the transfer analysis.

21        As to the other private interest factors, Delphix has identified a number of party and non-

22  party witnesses that reside in this judicial district.  Pl.'s Opp. 11.  "The convenience of witnesses

23  is said to be the most important factor in passing on a transfer motion."  *Los Angeles Mem'l*

24  *Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).  Of particular importance is the

25  convenience of non-party witnesses and their relative importance in the case.  *Saleh v. Titan*

26  *Corp.*, 361 F. Supp. 2d 1152, 1160-61 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assoc., Ltd.*

27  *v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D. N.Y. 1990)).  Actifio disputes whether

28  litigation in Massachusetts would really inconvenience Delphix's non-party witnesses, Def.'s

1    Reply 4, but fails to identify any significant improvement in convenience from transferring the

2    Actifio patents to Massachusetts.  While this and the other pragmatic factors are essentially

3    neutral, it serves to underscore the fact that transfer would "merely shift rather than eliminate the

4    inconvenience." *Decker*, 805 F.2d at 843.  That is not sufficient to satisfy Actifio's burden to

5    demonstrate that transfer is warranted.

6           As a final practical matter, Actifio cannot guarantee that there would be any increased

7    efficiency to the Court or to the parties from severance and transfer.  As Actifio has already argued

8    vociferously to the Massachusetts court that its patents in this case are different from the patents in

9    that action, it is unlikely that the Massachusetts court would simply fold these patents into its

10   current schedule, as Actifio so optimistically contends.  Def.'s Mot. 8; Pl.'s Opp. 9-10.  Were this

11   Court to grant Actifio's motion, the end result would more likely be three different cases tried to

12   three different juries, thereby compounding the inconvenience to the parties and congesting the

13   docket of the court that receives the severed claims.

14          In sum, Actifio has failed to demonstrate that severance and transfer of its patent claims

15   against Delphix would be in the interest of justice.  As a stay of this entire action, which is still in

16   the early stages of discovery, is likely to simplify the issues in question and would not unduly

17   prejudice either party, the Court finds that the stay entered November 13, 2014 should be extended

18   and expanded to include all claims in this action.

19   **IV.    ORDER**

20          For the foregoing reasons, IT IS HEREBY ORDERED that Actifio's Motion to Sever and

21   Transfer Its Patent Claims is DENIED.

22          This action is HEREBY STAYED during the pendency of *inter partes* review proceedings

23   on Delphix's patents-in-suit (U.S. Patent Nos. 8,150,808 ('808 Patent); 8,161,077 ('077 Patent);

24   8,548,944 ('8944 Patent); 8,566,361 ('361 Patent); and 8,468,174 ('174 Patent)).  The stay will not

25   preclude the parties from completing briefing on Actifio's motion for leave to amend infringement

26   contentions, nor will it preclude Magistrate Judge Howard R. Lloyd from hearing and deciding

27   that motion.  The case schedule, with the exception of the hearing date on Actifio's motion for

28   leave to amend infringement contentions, is VACATED.

United States District Court
Northern District of California

7

1    The parties shall provide the Court with a joint report by **no later than December 3, 2015**

2  regarding the status of IPR.

3    **IT IS SO ORDERED.**

4  Dated: July 8, 2015

5

6  BETH LABSON FREEMAN
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California