E-Filed 9/29/2015

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DELPHIX CORP., | No. 13-CV-04613 BLF (HRL) |
|         Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** |
| v. | |
| ACTIFIO, INC., | **[Re: Docket No. 152]** |
|         Defendant. | |

Before the court is Defendant Actifio, Inc.'s Motion for Leave to Amend Infringement Contentions. Dkt. No. 152. Plaintiff Delphix Corp. filed an opposition, and Actifio filed a reply. Dkt. Nos. 166, 174. A hearing was held on August 4, 2015. Upon consideration of the moving and responding papers, as well as the arguments presented at the hearing, this court grants Actifio's motion.

## BACKGROUND

This consolidated action began as a patent infringement lawsuit by Delphix accusing Actifio of infringing five of Delphix's patents. Actifio, in turn, accused Delphix of infringing two of its own patents, causing Delphix to file a second lawsuit in this district seeking a declaration that it does not infringe the Actifio patents. Actifio moved to relate the cases in April 2014, Dkt. No. 50, which Judge Freeman granted, and the parties stipulated to consolidate the two cases, Dkt. No. 58. Delphix

1  subsequently obtained leave to add a claim against Actifio for trade secret misappropriation. Dkt.
2  No. 95.

3      The accused Delphix Agile Data Management product makes use of the "ZFS" file system,
4  which was originally designed by a third party.  Pathmanaban ("Path.") Decl. ¶ 9.  In May 2014,
5  Actifio served its Patent L.R. 3-1 infringement contentions.  *Id.* ¶ 8, Exh. 4.

6      Actifio asserts that since the outset of discovery, it has diligently pursued discovery
7  regarding the accused product, including its use of ZFS, and repeatedly raised issues to Delphix
8  regarding deficiencies in its production.  According to Actifio, Delphix has made incorrect
9  representations, either that its production was complete or that missing information would be
10 produced in a timely manner. 2015.[1]

11     In April and May 2015, Delphix produced its ZFS source code and over 500,000 pages of
12 documents, which Actifio claims revealed critical non-public technical details about the accused
13 product.  *Id*. ¶¶ 25-27.  In June 2015, Actifio served amended infringement contentions.  Delphix
14 indicated that it would oppose amendment.  On June 22, 2015, Actifio moved for leave to amend its
15 infringement contentions.  After the filing of the motion, Delphix continued to produce technical
16 specifications and presentations related to its replication feature.  Path. Reply Decl. ¶¶ 2, 4.  On July
17 1, 2015, Actifio served a second set of revised amended infringement contentions.

## LEGAL STANDARD

19     "Amendment of the Infringement Contentions . . . may be made only by order of the Court
20 upon a timely showing of good cause."  Patent L.R. 3-6.  Patent L.R. 3-6 provides a non-exhaustive
21 list of circumstances which, absent prejudice to the non-moving party, may support a finding of
22 good cause: "(a) a claim construction by the Court different from that proposed by the party seeking
23 amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent
24 discovery of nonpublic information about the Accused Instrumentality which was not discovered,
25 despite diligent efforts, before the service of the Infringement Contentions."  *Id.*

---

[1] Various details have been omitted throughout this Order in order to avoid referencing any information designated as confidential by the parties.

2

The good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Props. Ltd.*, No. 08-cv-00882 JF (HRL), 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Karl Storz Endoscopy–Am., Inc. v. Stryker Corp.*, No. C09-00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (quoting *O2 Micro*, 467 F.3d at 1366). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C12-00630, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (internal quotation marks omitted).

"The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (quoting *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95–1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)). However, the expectation that a "patentee would have a precise sense of its infringement theory at the outset" is "unrealistic . . . [where] the patentee may not have been able to get access to the necessary information because it is hidden from view (for example, source code)." Peter S. Menell et al., *Federal Judicial Center, Patent Case Management Judicial Guide* 4-14 (2009). Thus, the good cause standard of Patent L.R. 3-6 "serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Apple*, 2012 WL 5632618, at *2.

## DISCUSSION

### A. Whether the proposed infringement contentions are based on recently discovered information that is not publicly available

Actifio argues that its proposed infringement contentions are based on recently discovered information that is not publicly available. According to Actifio, its amendments are based exclusively on information learned from Delphix's April and May 2015 productions of over

3

500,000 pages of confidential (non-public) technical information and source code. Path. Decl. ¶ 25. According to Actifio, although certain aspects of Delphix's replication feature were known publicly, the publicly available information did not include the confidential technical details disclosed in Delphix's recent document and source code production. *Id*. ¶ 29.

First, Delphix argues that Actifio had access to all the information it needed by May 2014. According to Delphix, Delphix's public product literature, including its blog posts, disclosed the replication feature. Marton Decl. ¶¶ 2-3, Exhs. 1-2. Delphix's replication feature is built around ZFS send/receive. Shrock Decl. ¶¶ 5, 8. ZFS is an open source project with many contributors, and its code (including the send/receive function used by Delphix for replication) is publicly available. *Id*. ¶¶ 6, 8. Delphix argues that the ZFS code that Actifio now seeks to accuse of infringement was publicly available before Actifio served its original infringement contentions. *Id*. ¶ 8. Moreover, Delphix argues that in May 2014, Delphix produced all of its non-public source code for its Agile Data Management platform, including all non-public source code for Delphix's replication technology. Marton Decl. ¶ 4; Exh. 3.

Delphix argues that it also produced documents that disclose what Actifio now seeks to accuse of infringement. For example, in September 2014, Delphix produced a 30-page document that discusses Delphix's replication feature in detail. *Id*. ¶ 5; Exh. 4. In addition, Delphix produced documents in October 2014 that discuss the replication feature of the accused instrumentality. *Id*. ¶ 6; Exh. 5.

However, Delphix did not produce the latest version of its non-ZFS source code until May 8, 2015. This production included code for its replication feature not produced previously, including code for a certain functionality cited in Actifio's July 1 supplemental contentions. Path. Reply Decl. ¶ 10; Exh. 36-A, at 38, 86, 107, 124, 193, 243, 259; Exh. 36-B, at 37, 55, 78, 102, 111, 151, 169, 191, 206, 213.

In addition, Delphix's argument that its source code is public cannot be reconciled with its refusal to de-designate its ZFS code. *See* Path. Decl. ¶¶ 23-24. Delphix's ZFS code, designated as "Highly Confidential—Source Code" under the Protective Order, contains "extremely sensitive 'Confidential Information or Items.'" Dkt. No. 101, at 3.

4

Delphix points to four exhibits (Marton Decl., Exhs. 1, 2, 4 and 5) to argue that Actifio had the information it needed to understand the complete functionality of Delphix's replication feature. However, Delphix fails to identify where these documents purportedly disclose the technical information Actifio added to its contentions.

Exhibits 1 and 2 say nothing beyond what Actifio already cited in its original contentions. Exhibit 1, a blog post entitled "Delphix Replication," does not mention the word "namespaces," and does not discuss how datasets within these namespaces are mapped to their corresponding locations in a manner claimed by Actifio's claims. In its original contentions, Actifio cited to Delphix's product manual and Delphix's patents that describe as much or more about the replication feature than the blog post discloses. Path. Reply Decl., Exh. 47. As for Exhibit 2, Actifio cited that document and its discussion of replication in its original contentions. *See* Path. Decl, Exh. 4 (Exh. B, at 7, 45, 65, 103). Furthermore, Exhibit 4 discusses replication, but lacks the details described in later produced documents. In addition, Delphix failed to produce later revisions of the document in its final form until May 2015. Path. Reply Decl., Exh. 41. Finally, Delphix cites to Exhibit 5 as containing multiple internal documents that discuss replication. However, they do not provide any detail about Delphix's replication beyond those cited in Actifio's original contentions.

Second, Delphix argues that Actifio's proposed amended infringement contentions put forth a new theory of infringement. Delphix argues that Actifio's original infringement contentions accuse Delphix's SnapSync technology of infringement, a feature by which Delphix imports data from a source database or file system in order to provision virtual instances of the client's data systems. Actifio now seeks to accuse a different feature: replication. Replication is the process by which a Delphix system sends copies of its already ingested data from one Delphix server to another. Delphix argues that the references to replication in the original infringement contentions are simply copy-and-paste images that refer to replication from public sources, and none of the claim elements are mapped to replication.

This argument by Delphix, however, is contrary to what it previously represented to the court. In its September 2014 Reply in Support of Motion to Amend and Supplement Declaratory

Judgment Complaint, Delphix argued that "Actifio's infringement contentions in this action . . . are not limited to any particular component." Dkt. No. 100, at 11.

In addition, even assuming the proposed amended infringement contentions put forth a new theory of infringement, amendment may be allowed if the new theory is based on information that was not previously disclosed. In *Finjan, Inc. v. Blue Coat Systems, Inc*., No. 13-CV-03999 BLF, 2014 WL 5305906 (N.D. Cal. Oct. 16, 2014), the patentee "s[ought] leave to amend its contentions to accuse more [. . .] products and services of infringing more of the patents." *Id*. at *1. Two proposed amendments were not allowed because they relied on information that was publicly available and the claim element in question only required "code capable of monitoring" which was "plainly disclosed." *Id*. However, a third proposed amendment was allowed because it related to claim elements that required "updating the 'cache,'" and the accused infringer's "earlier disclosures d[id] not speak of a 'cache' or 'caching' at all." *Id*. at *3. Here, the proposed infringement contentions are based on recently discovered information that is not publicly available, as explained above.

Accordingly, Actifio has shown good cause for amending its infringement contentions.

**B.     Whether Actifio was diligent in amending its contentions**

Actifio argues that it has diligently pursued the subject discovery because for almost a year, it has requested that Delphix produce its technical documents and source code. Path. Decl. ¶¶ 10-25. However, Delphix produced 500,000 pages and millions of lines of source code in April and May 2015. *Id*. ¶¶ 25-27. According to Actifio, its proffer of its amended contentions on June 1, 2015 was diligent and reasonable under the circumstances.

Delphix argues that its replication feature and its publicly available ZFS code was publicly known since before May 2014. Delphix also asserts that the entirety of the source code (both public and non-public) showing all of the details of Delphix's replication technology was available to Actifio since May 2014.

In addition, Delphix argues that Actifio was aware of Delphix's replication technology before it served its original infringement contentions. According to Delphix, documents cited in Actifio's original infringement contentions reflect that Actifio was aware of the "ZFS functionality

1 used for Delphix's 'replication' feature." Mot. at 3. Despite this, Delphix argues, Actifio chose not
2 to review the publicly available ZFS source code, including ZFS send/receive, snapshots, and
3 serialization, that is used for Delphix's remote replication feature.

4 Moreover, Delphix argues that publicly-available blogs it posted prior to May 2014 provide
5 information about the replication feature. For instance, Delphix argues that it posted a bog entitled
6 "Delphix Replication" in May 2013 that discussed the utilization of namespaces: "the ability to use
7 the replication target as another full-fledged Delphix engine. Until now, the replication target was
8 only used as a standby for another Delphix engine" and "One replication target can receive
9 replication streams from multiple primary engines." Marton Decl., Exh. 1. Finally, Delphix argues
10 that it produced its own source code in May 2014.

11 Delphix also disputes Actifio's assertions of delay and resistance in its production of
12 discovery. According to Delphix, it originally did not produce its ZFS source code because it was
13 and is publicly available. Delphix argues that when Actifio first requested production of that code
14 on April 20, 2015, Delphix promptly produced it on May 8, 2015. Marton Decl. ¶¶ 7-8, Exhs. 6-7.
15 According to Delphix, its recent voluminous production reflects that it has agreed to and produced
16 virtually every internal technical document it has, regardless of whether accused functionality is
17 mentioned.

18 Delphix recently produced technical documents that describe the confidential details of how
19 Delphix's replication feature works. Moreover, after the filing of the present motion, Delphix
20 produced additional technical documentation regarding the operation of the accused product. Path.
21 Reply Decl. ¶ 4. These technical documents provide good cause for amendment.

22 In addition, Patent L.R. 3-4 is not limited to source code. Under Patent L.R. 3-4, Delphix is
23 required to produce, in addition to source code, "specifications, schematics, flow charts, artwork,
24 formulas, or other documentation sufficient to show the operation of any aspects or elements of an
25 Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." The
26 present case is similar to *Fortinet, Inc. v. Palo Alto Networks, Inc.*, No. C-09-00036 RMW, 2010
27 WL 4608250 (N.D. Cal. Nov. 5, 2010). In *Fortinet*, the plaintiff received source code for the
28 accused products in January 2010, then received over 50,000 pages of technical documentation

7

regarding the accused products in May 2010. *Id*. at *1. The court granted leave to amend infringement contentions where "Fortinet represent[ed] that the reason it s[ought] to supplement and amend its infringement contentions [was] that it could not understand the software and hardware configuration of PAN's products before it had received the 50,000-plus pages of technical documentation from PAN in May 2010 and conducted its 30(b)(6) deposition of PAN on June 4, 2010." *Id*. Here, as in *Fortinet*, Actifio had difficulty understanding the produced source code without the technical documents that provided context.

Accordingly, Actifio was diligent in seeking to amend its contentions.

### C.     Whether Delphix will be prejudiced by amendment

Delphix argues that it would be prejudiced if the court grants leave to amend the infringement contentions. According to Delphix, if the court grants leave to amend, this "would require the parties to identify additional claim terms for construction, exchange proposed constructions, and file those proposed constructions with the Court, something the parties have already done." Opp. at 10. Delphix argues that there would be insufficient time to complete this process before the claim construction hearing, which was previously scheduled for August 14, 2015.

However, on July 8, 2015, Judge Freeman stayed this case during the pendency of inter partes review proceedings on Delphix's patents-in-suit. Dkt. No. 170. Because this case is now stayed, there will be sufficient time to address the propriety of any additional proposed terms or modifications of constructions when the case reopens. Delphix will not be prejudiced by the proposed amendment.

## CONCLUSION

For the reasons stated above, Actifio's motion to amend infringement contentions is granted.

**IT IS SO ORDERED.**

Dated:  September 21, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE